# CHARLESTON.

A. J. Mullens *v.* The Virginian Railway Company.

Submitted March 18, 1924.   Decided May 20, 1924.

Railroads—*Landowner May Not Compel Removal of Railway Roadbed Though Deflecting Water When Constructed Under Contract.*

A land owner may not by mandatory injunction compel the removal of a railway company's roadbed which has been constructed partly in the channel of a stream pursuant to an express contract with plaintiff, although the obstruction thereby created may deflect the water upon, and cause injury to, plaintiff's property.

Action by A. J. Mullens against the Virginian Railway Company.   The court sustained a demurrer to the original and amended bills, and the questions arising thereon were certified.

*Affirmed.*

*J. Albert Toler,* for plaintiff.

*Brown, Jackson & Knight, Williams, Loyall & Tunstall, M. P. Howard, H. T. Hall,* and *Martin & Wingfield,* all for defendant.

LITZ, JUDGE:

This case was certified from the ruling of the circuit court sustaining a demurrer to the original and amended bills. The bills show that plaintiff, the owner of a tract of land lying along both sides of Slab Fork Creek of Guyandotte river, in Wyoming county, on October 10, 1902, conveyed to Deepwater Railway Company, defendant's predecessor, a portion thereof for right-of-way upon which to construct a railroad, and on July 20, 1904, conveyed to said Railway Company another part of said land for a like purpose; that the deed conveying the second parcel also granted such additional land on either side thereof "as may be necessary for the slopes of cuts and fills and for changing the channel of streams", and provides that such extra widths shall be taken and used so as not to unnecessarily damage the residue of the plaintiff's lands; that the roadbed constructed by the Deepwater Railway Company in the year 1906 upon the parcel of land conveyed to it by the last mentioned deed greatly narrowed the channel of said Slab Fork Creek for a considerable distance, whereby immediately after the completion of said roadbed the stream was deflected over and upon plaintiff's land opposite thereto so that plaintiff's said land was caused to wash, slightly at first, then to a greatly increasing degree until in February, 1918, a flood occurred resulting in serious damage to it, and again in July, 1919, the said land was damaged by another flood to a still greater extent.

The bill further shows that the defendant in the year 1907 acquired the properties and assumed the obligations and liabilities of said Deepwater Railway Company; that on the 14th day of June, 1921, in the circuit court of Wyoming county, the plaintiff instituted an action against defendant to recover damages for injury to his land resulting from the flow of water thereover caused by the obstruction of said creek channel by defendant's roadbed, and has recovered a

judgment against defendant in said action for $8000.00; that while the channel of the stream remains so obstructed the water will be diverted and continue to flow over and greatly injure plaintiff's lands, which have become valuable city property.

The bill prays for a mandatory injunction requiring the defendant to remove the roadbed obstruction from the channel of the stream.

Plaintiff, as shown by the allegations of the bills, licensed, permitted and consented to the construction of the roadbed embankment partly in the channel of the stream. It is not claimed that the railway company was without authority to extend its roadbed into the creek channel or that it did so unnecessarily. The second deed granted, in addition to the specific strip conveyed, such additional land on either side thereof, "as may be necessary for slopes of cuts and fills and for changing the stream". The fact that damage has resulted to the residue of plaintiff's land by reason of the alleged obstruction will not, under such circumstances, entitle him to its removal. He is bound by his grant. *Briscoe Home Trustees* v. *Ohio River Railroad Company*, 78 W. Va. 502; 89 S. E. 727.

The bill shows that at the time of the execution of the deed of July 20, 1904, the Deepwater Railway Company contemplated and believed that it would be necessary in the construction of its roadbed to fill up and obstruct a portion of the channel of Slab Fork Creek for a considerable distance along the bank opposite the residue of plaintiff's land, and that the supplementary grant was inserted in the deed for the purpose of conferring that right. Plaintiff says the obstruction constitutes a nuisance and will continue to cause the washing away of his land unless removed by mandatory injunction. He is estopped, however, both by his contract and conduct from resorting to this remedy.

The court will not, by injunction, restrain a defendant from the use and enjoyment of a work constructed with the express or implied assent of the complainant, though it prove prejudicial to his rights. *Hunt. & Kenova L. D. Co.* v. *Phoenix Powder Mfg. Co.*, 40 W. Va. 711; *Brokaw* v. *Carson, et al.*, 74 W. Va. 340; *Hulme* v. *Shreve*, 4 N. J. Eq. 116; *Cobb* v.

*Smith,* 16 Wis. 692; *Briar Creek Railway Co.* v. *Kanawha Central Railway Co.,* 70 W. Va. 226; High on Injunctions, 4th Ed. Sec. 837.

We are clearly of opinion that whatever may be the rights of the plaintiff he is not entitled to the relief asked. The ruling of the circuit court will, therefore, be affirmed.

*Affirmed.*